# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOSEPH MICHAEL ANDREWS

VERSUS

LIVINGSTON PARISH DETENTION CENTER

CIVIL ACTION

NO. 21-255-BAJ-RLB

## ORDER

This matter comes before the Court on the plaintiff's Complaint (R. Doc. 1). Plaintiff did not pay the filing fee or file a motion to proceed in forma pauperis.

The *pro se* plaintiff, a person currently confined at the Eastern Louisiana Mental Health Center, filed this action pursuant to 42 U.S.C. § 1983 against the Livingston Parish Detention Center alleging that his constitutional rights were violated due to being forced to consume contaminated and expired drinking water.

The statute applicable to the granting by federal courts of *in forma pauperis* status to inmates in civil proceedings makes clear that the plaintiff is not entitled to proceed as a pauper in this case. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of the records of this Court reflects that Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal court that have been dismissed as frivolous, malicious, or for failure to state a claim.[1]

---

[1] Cases filed by Plaintiff, while incarcerated, that have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Andrews v. Livingston Parish Detention Center*, Civil Action No. 20-556-SDD-RLB (M.D., La.), *Andrews v. Summit/Oshner Hospital, et al.*, Civil Action No. 20-598-JWD-

An inmate who has had three prior "strikes," but nonetheless wishes to commence a new civil action *in forma pauperis*, must show that he was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm. *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998). An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical. *Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future because he has been required to wear shoes that are the wrong size and are damaged is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).

The limited exception provided in subsection (g) for imminent danger of serious physical injury operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury. Here, Plaintiff fails to show that his circumstances warrant an exception to be made. Notably, the instant ruling does not prohibit Plaintiff from pursuing his claims in federal court; it only denies him the privilege of proceeding without the payment of filing fees. Accordingly, because Plaintiff is barred from proceeding *in forma pauperis* in this case, he is required to pay the full amount of the Court's filing fee. Accordingly,

---

RLB (M.D. La.), and *Andrews v. Livingston Parish Detention Center, et al.*, Civil Action No. 21-21-SDD-RLB (M.D. La.).

**IT IS ORDERED** that Plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $402.00, the full amount of the Court's filing fee. The filing fee must be paid in full in a single payment. No partial payments will be accepted. Failure to pay the Court's filing fee within 21 days shall result in the dismissal of Plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on July 12, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**